UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                Criminal No.  04-80728
                                Civil No.       08-14197

vs.

                                HON. GEORGE CARAM STEEH

RICHARD BURLEY,

       Defendant.
_____/

ORDER DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Defendant Richard Burley filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on September 29, 2008. The basis of defendant's motion is the ineffective assistance of counsel. Specifically, defendant argues that his counsel failed to object to a two-point enhancement assessed to defendant's criminal history calculation. The government responded to petitioner's motion on November 24, 2008.

On January 26, 2006, defendant was sentenced to terms of imprisonment of 92 months for bank fraud and 60 months for conspiracy to commit bank fraud. On July 24, 2007, the sentences were affirmed by the Sixth Circuit Court of Appeals. On October 29, 2007, *certiorari* was denied by the United States Supreme Court. This motion to vacate sentence on the basis of ineffective assistance of counsel followed on September 29, 2008. Defendant claims that defense counsel failed to object or otherwise challenge the Probation Department's calculation of his criminal history in which he was assessed a two-point enhancement for committing the offenses while serving a state sentence of probation.

At sentencing, defense counsel argued that defendant's criminal history was overrepresented, and therefore the court should sentence him below 92 months. The court rejected that argument:

> So you're really not challenging those two points, correct Mr. Daly, given that these are two separate violations and involving circumstances that are quite different? They do involve stolen or fraudulent checks used to purchase items in the 04 offense, and then a use of false social security number and name to obtain in the 05 offense.

The Sixth Circuit affirmed the District Court on the issue of calculating defendant's criminal history category. U.S. v. Richard Burley and Timothy Clark, (6th Cir. Nos. 06-1333, 06-1494), p. 18.

Ineffective assistance of counsel claims are subject to the "performance and prejudice" test announced in Strickland v. Washington, 466 U.S. 668 (1984). Defendant must demonstrate that counsel's performance was so deficient that counsel was not functioning to the level guaranteed by the Sixth Amendment. Second, defendant must show that the deficient performance prejudiced the defense. Id. at 687. In this case, the government avers that even if defendant's criminal history calculation results in a two-point reduction, he cannot show he was prejudiced by the miscalculation. Reducing the criminal history category by two points produces a guildeline range of 70 to 87 months. Defendant's sentence falls 5 months above that range and, because the court is to consider other 3553(a) sentencing factors, defendant cannot show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Secondly, defense counsel argued the "overrepresentation" of defendant's criminal history both at sentencing and on appeal. Defendant cannot show that his counsel's actions were those which "lawyers of ordinary training and skill in the criminal

2

law would not consider competent." United States v. Medved, 905 F.2d 935, 942 (6th Cir. 1990).

Defendant has failed to satisfy the performance and prejudice test for ineffective assistance of counsel. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion pursuant to 28 U.S.C. § 2255 is DENIED.

Dated: December 23, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 23, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---