UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BURLEY,

    Petitioner,                                     Criminal No. 04-80728
                                                        Civil No.     08-14197
                                                        HON. GEORGE CARAM STEEH

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

ORDER ON REMAND VACATING PETITIONER'S SENTENCE AND
JUDGMENT OF SENTENCE AND SCHEDULING RESENTENCING FOR
APRIL 27, 2011 AT 10:30 A.M.

This matter is on remand from the Sixth Circuit Court of Appeals. *See Richard Burley v. United States*, No. 09-1299 (6th Cir. Dec. 21, 2010). The mandate issued on February 15, 2011.

In 2005, petitioner entered a guilty plea to a two count indictment charging him with bank fraud, aiding and abetting, in violation of 18 U.S.C. § § 1344 and 2, conspiracy to commit bank fraud, in violation of 18 U.S.C. § §1344 and 371. Petitioner was sentenced to 92 months in prison, to be followed by three years of supervised release.

This court denied petitioner's motion to vacate sentence on December 23, 2008.

The Sixth Circuit Court of Appeals found that petitioner is entitled to relief on his claim for ineffective assistance of counsel based on counsel's failure to object to the calculation of petitioner's criminal history category of IV. Specifically, petitioner alleged that

counsel should have objected to the scoring of one point for his 2001 state conviction for uttering and publishing because that offense was part of the check cashing scheme underlying his federal charges, and for failing to object to the two points petitioner received for committing the federal offenses while on probation for the 2001 state conviction. The Sixth Circuit agreed with petitioner, finding:

> [T]he conduct underlying Burley's state conviction was "part of" his bank fraud offense and should not have been treated as a "prior sentence" under § 4A1.2(a)(1). Accordingly, Burley should not have received a criminal history point for his 2001 conviction under § 4A1.1(c). He also should not have received two points under §4A1.1(d) for committing his federal offenses while he was on probation for the 2001 conviction.
>
> \*          \*          \*
>
> [I]t appears that, had Burley's trial counsel performed a reasonable investigation into Burley's 2001 conviction, he would have realized that he had a strong basis for objecting to its inclusion in the calculation of Burley's criminal history. It further appears that Burley can establish prejudice arising from counsel's failure to challenge these additional criminal history points, which raised his criminal history category by one level and increased his recommended Guideline range from 70 to 87 months to 92 to 115 months.
>
> \*          \*          \*
>
> Because Burley has made a strong showing that he is entitled to relief on his ineffective assistance of counsel claim, we vacate the district court's decision and remand the case for further proceedings in accordance with this opinion.

*Richard Burley v. United States*, No. 09-1299, slip op. at 4-5 (6th Cir. Dec. 21, 2010).

Consistent with the Sixth Circuit's opinion and order of remand,

IT IS ORDERED that petitioner's sentence and judgment of sentence are vacated [#60].

IT IS FURTHER ORDERED that the federal defender office is hereby appointed as counsel.

IT IS FURTHER ORDERED that petitioner shall be resentenced on April 27, 2011 at 10:30 a.m.

IT IS FURTHER ORDERED that the probation department prepare a revised sentence report.

IT IS FURTHER ORDERED that any sentencing memorandums be filed on or before April 13, 2011.

Dated:  February 22, 2011

        S/George Caram Steeh  
        GEORGE CARAM STEEH  
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 22, 2011, by electronic and/or ordinary mail and to Richard Burley at FCI McKean, P.O. Box 8000, Bradford, PA 16701.

S/Josephine Chaffee  
Deputy Clerk